IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**LUIS HERNANDEZ CRUZ,**
     **Plaintiff,**

**-vs-**                    **Case No.  A-23-CV-1241-RP**

**RICARDO BACA MARES,**
     **Defendant.**

## **ORDER**

 Before the Court is Plaintiff's civil rights complaint.  Plaintiff paid the full filing fee for this case.

 Plaintiff sues Ricardo Baca Mares, a legal advisor with Parole Express, LLC in Buda, Texas. Plaintiff alleges he paid Mares to assist him in obtaining a sentence reduction.  However, Plaintiff claims Mares did nothing.  Plaintiff asserts he found out Defendant Mares previously had to give up his law license and was sentenced to fifteen years in prison for fraud.  Plaintiff requests the Court to order Mares to refund his $1,450.00 and pay him for pain and suffering for mental anguish.

 Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A.  On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).

 As previously explained to Plaintiff in Cause No. A-23-CV-657-RP, section 1983 provides a remedy for the deprivation of federal rights "under color of state law."  *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (internal quotation marks omitted).  Private individuals are not generally

considered to be state actors for the purpose of § 1983, but "a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Id.*

Ricardo Baca Mares is not a state actor and Plaintiff makes no allegations that he was a willful participant in joint action with the state. Accordingly, Plaintiff fails to state a claim against Mares for the violation of his constitutional rights.

Plaintiff was ordered to show cause why his complaint should not be dismissed for failure to state a claim. Plaintiff mistakenly asserts Defendant is a state actor. As Plaintiff has failed to state a claim upon which relief can be granted against Defendant Mares, Plaintiff's complaint is dismissed. As explained previously, to the extent Plaintiff is attempting to sue Defendant Mares for a state law violation, he must do so in state court.

It is therefore **ORDERED** that Plaintiff's complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A.

It is further **ORDERED** that the Clerk of Court shall e-mail a copy of this Order and the Court's Judgment to the keeper of the three-strikes list.

**SIGNED** on November 20, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE